THE CITY OF NEW YORK, Appellant, *v.* BROOKLYN EDISON COMPANY, INC., Respondent.

First Department, March 27, 1936.

*Arthur A. Segall* of counsel [*Joseph L. Weiner* with him on the brief; *Paul Windels, Corporation Counsel,* attorney], for the appellant.

*Chauncey B. Garver* of counsel [*George H. Olney* with him on the brief; *Shearman & Sterling,* attorneys], for the respondent.

McAvoy, J. The action was brought by the city of New York to recover from the Brooklyn Edison Company, Inc., the sum of $22,700.98, the expense incurred by the city in relocating the defendant's duct line in Fourth avenue, Brooklyn, in connection with an improvement of portions of that street.

Fourth avenue in the vicinity of the Pacific, Thirty-sixth and Fifty-ninth streets subway stations, prior to the improvement, was laid out with malls approximately twenty feet in width, situated in the middle of the highway, and flanked on both sides by narrow roadways, about twenty-five feet wide at Pacific and Thirty-sixth streets, and twenty feet wide at Fifty-ninth street. The only stairways to the subway stations were from the malls and the entrances to the stairways were sheltered by kiosks. The improvements consisted of removing the malls and kiosks and paving that area over so as to make the highway completely paved from curb to curb. The portions of the stairways which formerly led from the malls to the mezzanine below (from which other stairways led to the subway station platforms) were replaced by stairways from the sidewalks. It was these substituted portions of the stairways that necessitated the relocation of defendant's duct line.

The former position of the duct line was in the path of the substituted portions of the stairways. The relocation consisted of raising defendant's duct line about two feet and shifting it laterally about a foot.

By 1923 the combination of loss in highway space taken up by the malls and the congestion of traffic on Fourth avenue, Brooklyn, in the vicinity of Pacific, Thirty-sixth and Fifty-ninth streets, with the attendant hazard to person and property, made imperative an improvement in the street conditions.

On November 1, 1927, notice was served upon the defendant by the president of the borough of Brooklyn that alteration of its subsurface lines would be required in connection with the proposed improvement. This the defendant refused to do at its own expense.

The change in defendant's duct line was then ordered by the city from the general contractor, under the item of " Extras," and payment, amounting to $22,700.98, was made directly to said contractor.

The sum expended by the city, the demand upon the defendant for payment, and refusal, have been conceded.

Defendant did not rebut the evidence offered by plaintiff. It showed by the testimony of an engineer in its employ that it would not have been necessary to disturb the duct line if the malls and kiosks had been removed and the subway entrances on the malls " closed up."

We think the relocation of defendant's duct line was part of and incidental to the improvement made by the city for the more beneficial use of the public highway and not an incident of subway construction and that defendant was obligated to conform its duct line at its own expense to the public improvement. (*Transit Commission* v. *L. I. R. R. Co.*, 253 N. Y. 345.)

The judgment should be reversed, with costs, and judgment directed for the plaintiff, with costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Judgment reversed, with costs, and judgment directed in favor of the plaintiff, with costs.